Matter of Shwe v Inspector of Election of the 18th Election Dist. of the 40th Assembly Dist. County of Queens (2024 NY Slip Op 51492(U))

[*1]

Matter of Shwe v Inspector of Election of the 18th Election Dist. of the 
40th Assembly Dist. County of Queens

2024 NY Slip Op 51492(U)

Decided on November 1, 2024

Supreme Court, Queens County

Dunn, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 1, 2024
Supreme Court, Queens County

In the Matter of Yiyi Shwe and Sein Lwin, Petitioners,

against
The Inspector of Election of the 18th Election District of the 40th Assembly District, County of Queens and the Board of the Elections of the City of New York, Respondents.

Pro Se for Petitioners
No appearance for Respondent

Scott A. Dunn, J.

Yiyi Shwe and Sein Lwin are a married couple who are in their 70's. They are natives and citizens of Burma. Approximately two years ago, they became citizens of the United States. That status entitles them to register to vote (Bush v Gore, 531 US 98, 121 S Ct 525, 148 L Ed 2d 388 [2000] (holding that the right to vote is a fundamental right under the Constitution); see also New York Election Law § 5-102 (requiring United States citizenship to vote in New York State)).
A person entitled to vote must still first register to vote (New York Election Law § 5-100). That is accomplished by registering with the New York State Board of Elections either in person or online. Under New York Election Law § 5-210(3), there is a deadline by which a person must file registration papers in order to be eligible to vote in an election. Pursuant to statute, only individuals registered by that date may vote. There is no exception to this rule for good cause.
Concerning the November 5, 2024 election, the deadline to register was October 26, 2024. As set forth in their testimony, Petitioners expended considerable time and energy in an effort to try and vote. Indeed, as part of their efforts, it appears as if Petitioners, over a number of weeks, went to numerous offices, without success.
What is clear, however, is that despite their efforts, Petitioners were not registered to vote until October 30, 2024. It is equally clear, that this renders them ineligible to vote in the November 5, 2024 election (see New York Election Law §§ 5-210(3); 5-100).
The Court, however, cannot let this moment pass without comment. In short, the Court is moved by Petitioners' commitment and determination to vote. Indeed, as the Court is aware having served as Chief of Immigration Litigation for the United States Attorney's Office for the Eastern District of New York, as part of the naturalization process, naturalization applicants are [*2]not only encouraged to vote, but are told that it is part of their civic responsibility to vote (see USCIS Naturalization video: "A Promise of Freedom").
In a world where many run away from responsibility, the Court is in awe of these two individual persons, both proud to be United States citizens, who took their responsibility as citizens so seriously, that they insisted on their right to vote and have refused to abandon their responsibility to vote until they had completely exhausted all efforts to effect it. From my vantage point, they are role models for all of us. And here, while no action can be taken to help them vote in this election, the Court takes solace in the fact that going forward, they will be able to vote in each and every future election.
Accordingly, following a hearing held on the record on October 30, 2024, the applications of Petitioners seeking an order authorizing them to vote in the 2024 general election, are denied. As stated, the deadline to register to vote for the 2024 general election was Saturday, October 26, 2024. Since Petitioners registered to vote on October 30, 2024, they are ineligible to vote in the 2024 general election (see New York Election Law §§ 5-210(3); 5-100). However, based on their October 30, 2024 registration, Petitioners are now authorized to vote in subsequent elections.
This constitutes the Decision and Order of the Court.
Dated: November 1, 2024
Long Island City, New York
SCOTT DUNN, J.S.C.